IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOB A. CUSTARD, Inmate #02728-031, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-538-GPM |
| | ) |
| UNITED STATES OF AMERICA, JAMES | ) |
| CUTHINS, and ROBERT WHITEHOUSE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, a former inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, and of his constitutional rights by persons acting under the color of federal authority, *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. In this instance, the Court uses the counts enumerated by Plaintiff in his complaint.

**COUNT 1:** Against Defendant United States of America for violating the Administrative Procedure Act.

**COUNT 2:** Against all Defendants for violations of the First Amendment right guaranteeing freedom of speech, the First Amendment right to petition the government for redress of grievances, and access to courts.

**COUNT 3:** Against Defendants Whitehouse and Cuthins for Due Process violations in a disciplinary hearing.

**COUNT 4:** Against Defendant Whitehouse for violating the Sixth Amendment right to "confront witnesses in a punitive hearing."

**COUNT 5:** Against Defendant Cuthins for prosecutorial misconduct in filing false disciplinary charges against Plaintiff and refusing to appear for questioning, and against Defendants Cuthins and Whitehouse for civil conspiracy.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After evaluating Plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing Plaintiff to proceed with his remaining claims. *See House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

**FACTUAL BACKGROUND**

Although Plaintiff was instructed to briefly state the facts of his case, including specifically how his constitutional rights were violated, he has provided a rather vague factual outline of his case, making it difficult for the Court to evaluate his claims. On the form complaint where Plaintiff was directed to explain the facts of his case, he did not do so and, instead, listed his legal arguments. He stated in an introductory paragraph: "Plaintiff wishes not to belabor the Court when most of the facts and circumstances giving rise are plainly ascertainable in the incident report … and the disciplinary hearing officers (D.H.O.) hearing report–which are exhibits hereto–and are respectfully moved to be directly incorporated herewith." Plaintiff was instructed to state the facts of his case, and he did not do so, to his own detriment. The Court will not read into the complaint facts that are not stated directly by Plaintiff, nor will the Court search the complaint for a fact that might potentially match up with a claim.

Based on Plaintiff's statements and the exhibits submitted with the complaint, however, the Court has gleaned the following. While housed at USP-Marion, Plaintiff was disciplined in a prison disciplinary hearing for writing a threatening letter[1] to Defendant Cuthins, the Assistant United States Attorney then prosecuting an unrelated criminal action involving other USP-Marion prisoners. The charges against Plaintiff were characterized as "conduct which disrupts, most like threatening" in violation of 28 C.F.R. §§ 514.13, Code 299 and 203. Based on the letter itself and the statement of the victim, the Discipline Hearing Officer (DHO) found Plaintiff guilty of the charges and sanctioned him with 14 days in disciplinary segregation.

---

[1] The letter stated "Selective prosecution, what goes around comes around."

**C**OUNT **1**

Plaintiff alleges that the procedures of his disciplinary hearing violated Bureau of Prisons agency rules because (1) the charges were brought by the Assistant United States Attorney, not by a Bureau of Prisons official as required in an agency rule (28 C.F.R. § 514.10); (2) the DHO did not call Plaintiff's witnesses, then unlawfully shifted away from the government the burden to contact the witnesses, and then falsely reported that Plaintiff waived the calling of certain witnesses; (3) the charges were a retaliatory act by Defendant Cuthins; (4) Plaintiff was never allowed to see the original letter upon which the charges were based; and (5) the letter was not threatening.

Plaintiff argues that the disciplinary hearing violated the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*. The Administrative Procedure Act ("APA") governs the rulemaking and adjudication procedures of federal agencies. Plaintiff is correct in his assertion that the Bureau of Prisons is an "agency" and, therefore, that the APA applies to the Bureau of Prisons. *See Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002); 5 U.S.C. § 551. The APA outlines procedures that are to be followed in cases of adjudication by a federal agency. *See* 5 U.S.C. §§ 554, 556, 557. However, these procedures apply only to formal adjudications that are "required by statute to be on the record after opportunity for an agency hearing." *See* 5 U.S.C. § 554(a). This means that some statute outside the APA must trigger this type of formal adjudication. *See generally United States v. Florida East Coast Ry.*, 410 U.S. 224 (1973). "No statute requires the Bureau of Prisons to conduct disciplinary hearings on the record." *White v. Henman*, 977 F.2d 292, 294 (7th Cir. 1992). As such, the specialized procedures outlined in the APA do not apply to Bureau of Prisons' disciplinary hearings. Absent the heightened procedural standards, a court may only overturn an agency finding that does not comply with the standards set out in 5 U.S.C. § 706(2)(A),(B),(C),(D),

or (F).  Plaintiff invokes 5 U.S.C. § 706(2)(A), under which an agency determination may be set aside if it is found by the reviewing court to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

> The scope of review under the "arbitrary and capricious" standard is narrow and a court is not to substitute its judgment for that of the agency.  Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a "rational connection between the facts found and the choice made." *Burlington Truck Lines v. United States*, 371 U.S. 156, 168, 83 S. Ct. 239, 245-246, 9 L.Ed.2d 207 (1962).  In reviewing that explanation, we must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."  *Bowman Transp. Inc. v. Arkansas-Best Freight System*, supra, 419 U.S., at 285, 95 S. Ct., at 442; *Citizens to Preserve Overton Park v. Volpe*, supra, 401 U.S., at 416, 91 S. Ct., at 823.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

Based on the foregoing, Count 1 may not be dismissed from the action at this point in the litigation.

## COUNT 2

In describing this claim, Plaintiff states only the following:  "U.S. Const., 1st Amend violations of freedom of speech; right to petition gov't for redress; access to courts."  Nowhere in the complaint or memorandum of law in support of the complaint does Plaintiff state any facts supporting an infringement of his freedom of speech.  However, the Court is required to liberally construe the complaint of a *pro se* plaintiff, s*ee Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and it is likely that Plaintiff intends to argue that the fact that he was disciplined for writing a letter violated the First Amendment guarantee of freedom of speech.

A prisoner has limited First Amendment rights.  *See Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system").  The

First Amendment does not protect threats. *See Nat'l Org. for Women, Inc. v. Scheidler*, 267 F.3d 687 (7th Cir. 2001), *rev'd on other grounds*, 537 U.S. 1016 (2003). Plaintiff argues that the letter was not threatening. This is a question of fact that cannot be determined at this point in the litigation. However, as to Plaintiff's claims regarding denial of the right to petition the government for redress and access to courts, the fact that Plaintiff filed this lawsuit belies those assertions. Those claims are **DISMISSED with prejudice** from the action. *See* 28 U.S.C. § 1915A. In summary, Plaintiff is allowed to proceed on the First Amendment freedom of speech claim only.

### COUNT 3

Plaintiff also argues that the procedures of the disciplinary hearing (described in Count 1, above) violated due process. When a plaintiff brings an action for procedural due process violations, he must show at the outset that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Only after a plaintiff has stated such a deprivation will the Court conduct an analysis of whether the process he received was adequate. An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

In the instant case, Plaintiff alleges that he was placed in disciplinary segregation for fourteen days in violation of his right to procedural due process. However, he has no protected liberty interest in remaining in the general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks*, 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held

one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Plaintiff does not allege any other disciplinary action which might implicate a liberty interest. Without the deprivation of a protected liberty interest, Plaintiff has not stated a due process claim.

Plaintiff states that he also was denied property without due process of law. However, nowhere in the complaint does he state of what property he was deprived. Without such a statement, Plaintiff has failed to state a due process claim for deprivation of property.

Based on the foregoing, Count 3 is **DISMISSED with prejudice** from the action. *See* 28 U.S.C. § 1915A.

### COUNT 4

On the form complaint, Plaintiff states as a legal claim, "U.S. Const. 6th Amend right to confront witnesses in a punitive hearing." While claims regarding witnesses in his disciplinary hearing have been covered in both Counts 1 and 3, Plaintiff attempts to bring a claim regarding the denial of witnesses in his disciplinary hearing as an independent constitutional claim. The Sixth Amendment does not apply to disciplinary hearings. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply"); *Henderson v. United States Parole Com'n*, 13 F.3d 1073, 1078 (7th Cir. 1994) (in the context of a prison disciplinary hearing, prisoners "do not possess Sixth Amendment rights to confront and cross-examine witnesses"). As such, Plaintiff has failed to state a claim of constitutional magnitude. Count 4 is **DISMISSED with prejudice** from the action. *See* 28 U.S.C. § 1915A.

**COUNT 5**

It is difficult to determine with specificity the facts supporting this Count.  Plaintiff states that Defendant Cuthins, the Assistant United States Attorney to whom Plaintiff wrote the threatening letter that resulted in the disciplinary action, "bogusly … filed these false charges" and then refused to appear as a witness at the hearing.  Plaintiff states that these actions constituted prosecutorial misconduct.  Plaintiff further asserts that due to the letter, Defendant Cuthins "unlawfully attempted to knowingly falsely enlist another USP-Mar prisoner (see memo and exhibit) to falsely 'set Custard up' on false escape attempt charges."  Plaintiff states that he has proof of this conspiracy but does not include it in the complaint because he has made agreements with the inmates and staff members involved that he would not disclose the details of this information until required to do so at trial.

What Plaintiff describes cannot be considered prosecutorial misconduct because there is no underlying prosecution in the matter.  A prison disciplinary hearing is not a criminal prosecution.  Furthermore, Defendant Cuthins did not bring the disciplinary charges against Plaintiff nor can he do so within the agency structure.  By Plaintiff's own admission, H. Rivas, a prison official, filed the charges against him.  As such, Plaintiff has failed to state a prosecutorial misconduct claim.

The vague facts stated by Plaintiff most closely resemble a civil conspiracy claim in which Defendant Cuthins is conspiring with other actors (including Defendant Whitehouse and other inmates) to deprive Plaintiff of some unspecified right.  Although claims of civil conspiracy need not be pleaded with particularity, a plaintiff must indicate the parties involved, the general purpose of the conspiracy, and the approximate date, so that a defendant is put on notice of the claims against him.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).  Plaintiff has willfully refused to provide any additional facts that might substantiate this claim, including names of the parties

involved, the nature of the conspiracy, and the approximate timeline, and he does so to his own detriment. Consequently, Plaintiff has failed to state a civil conspiracy claim. Accordingly, Count 5 is **DISMISSED with prejudice** from the action. *See* 28 U.S.C. § 1915A.

<u>SUMMARY AND CONCLUSION</u>

Plaintiff may proceed on Count 1 and on the First Amendment freedom of speech claim raised in Count 2.

**IT IS ORDERED** that Plaintiff shall complete and submit a USM-285 form for **DEFENDANTS JAMES CUTHINS, ROBERT WHITEHOUSE, the UNITED STATES OF AMERICA, the UNITED STATES ATTORNEY for the SOUTHERN DISTRICT of ILLINOIS,** and **the ATTORNEY GENERAL of the UNITED STATES** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk of Court is **DIRECTED** to send Plaintiff **five (5)** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **<u>Plaintiff is advised that service will not be made on a Defendant until Plaintiff submits a properly completed USM-285 form for that Defendant.</u>**

The Clerk is **DIRECTED** to prepare an original summons for each named Defendant: **JAMES CUTHINS, ROBERT WHITEHOUSE, and THE UNITED STATES OF AMERICA**. The United States Marshal is **DIRECTED** to serve the summons, a copy of the complaint, and this Memorandum and Order upon each of Defendants **CUTHINS and WHITEHOUSE** pursuant to Rule 4(i)(2)(A) of the Federal Rules of Civil Procedure. The United States Marshal is **FURTHER DIRECTED** to serve the original summons prepared for the **UNITED STATES OF AMERICA,** a copy of the complaint, and this Memorandum and Order upon the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS**, pursuant to Rule 4(i)(1) of the

Federal Rules of Civil Procedure.

The Clerk is **FURTHER DIRECTED** to prepare a <u>copy</u> of each summons, a copy of the complaint, and a copy of this Memorandum and Order to be served by the United States Marshal on the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS** and on the **ATTORNEY GENERAL of the UNITED STATES**.

Plaintiff is **ORDERED** to serve upon each Defendant, or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to each Defendant or his or its counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.  Plaintiff's failure to do so will result in dismissal of this action for failure to comply with an order of the Court.  FED. R. CIV. P. 41(b).

**OTHER MATTERS**

Currently pending before the Court are the following motions filed by Plaintiff:  (1) motion "seeking protection of 1st Amendment and F.R.Cv.P. 4 or 5 rights to, and requirements to, service of this complaint upon defendants and for expedited service of complaint upon defendants" (Doc. 12); (2) motion for default judgment (Doc. 13); and (3) "motion to the court to be told, on the record by the court, why this court–for 2+ years–illegally refuses to order service of this action" (Doc. 14). The Court has now completed its threshold review of the action, has ordered service upon Defendants, and has referred the case for further disposition to a United States Magistrate Judge. As such, these motions (Docs. 12, 13, and 14) are **DENIED as moot**.

Finally, the court must address Plaintiff's repeated use of disrespectful language. Throughout the complaint, Plaintiff uses the word "duh" to describe, as it appears to the Court, Plaintiff's perceived logical flaws in the positions of Defendants and the Court.  This type of sarcasm has no place in documents submitted to the Court.  Furthermore, Plaintiff's memorandum in support of his complaint ends with the sentence:  "I am going to deal with this problem one way, or another."  This type of veiled threat will not be tolerated further.  If Plaintiff continues to use sarcasm and veiled threats with the Court in any additional documents filed in the case, he will be sanctioned.  There is only one way to deal with these issues.  The other ways are of no concern to the Court.

**IT IS SO ORDERED.**

DATED:  06/08/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge