IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOB A. CUSTARD, Inmate #02728-031, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-538-GPM |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Currently pending before the Court are two documents containing three motions. First, Plaintiff seeks leave to file an interlocutory appeal (Doc. 19). Plaintiff has also filed a list of objections to the Court's order referring his case to a magistrate judge (Doc. 22), which contains a motion for reconsideration of the order pursuant to Federal Rule of Civil Procedure 59(e) and a motion to amend the complaint.

### LEAVE TO FILE AN INTERLOCUTORY APPEAL (DOC. 19)

On July 14, 2006, the Court of Appeals for the Seventh Circuit denied Plaintiff's request in that Court to proceed with an interlocutory appeal. Accordingly, this Court also denies the request to proceed with an interlocutory appeal. As such, this motion (Doc. 19) is **DENIED**.

### OBJECTIONS TO THE COURT'S ORDER AND MOTION TO RECONSIDER (DOC. 22)

In his motion, Plaintiff lists the following ten objections to the Court's order referring the case to a magistrate judge (Doc. 16).

**Ground 1:** Plaintiff objects to the Court's order that he submit USM-285 forms for Defendants because he had already sent them.

**Ground 2:** Plaintiff objects to the Court's dismissal of Counts 3, 4, and 5 "with prejudice." Plaintiff argues that each of the Counts should have been dismissed without prejudice so that he might amend his complaint to conform to the law.

**Ground 3:** Plaintiff objects to the Court's language in the order in that it sent a "signal" to the magistrate judge as to how to rule in the case.

**Ground 4:** Plaintiff objects to the Court's statement that Plaintiff wrote a letter to Defendant Cuthins.

**Ground 5:** Plaintiff objects to the Court's dismissal of a due process claim under Count 3 and to the Court's interpretation of Count 5.

**Ground 6:** Plaintiff objects to the Court's accusing Plaintiff of a crime.

**Ground 7:** Plaintiff objects to the Court's statement that Plaintiff willfully refused to provide information to the Court.

**Ground 8:** Plaintiff objects to the Court's dismissal of Count 4 of the complaint.

**Ground 9:** Plaintiff objects to the length of time it took to receive the Court's order.

**Ground 10:** Plaintiff objects to the Court's dismissal of Count 5 with prejudice and argues that he should be allowed to amend his complaint to state a retaliation claim.

The Court construes these ten objections as Plaintiff's grounds for reconsideration and considers each one in turn. Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or amend judgment may only be granted if the movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).[1]

---

[1] There is no "motion to reconsider" in the Federal Rules of Civil Procedure, although courts generally construe such requests as being brought under Rule 59(e) or Rule 60(b). *Walker v. Abbott Labs.*, 340 F.3d 471, 475 n.2 (7th Cir. 2003).

**GROUND 1**

Plaintiff states that the Court ordered him to submit USM-285 forms for Defendants, but that the Clerk of Court sent him a letter stating that "the forms were received when the case was filed." A minor clerical error is not the type of mistake of law or fact contemplated by Rule 59(e). Furthermore, Plaintiff requests no relief under this ground and appears to bring this objection merely to point out the Court's clerical error. The error is so noted. Because the Clerk is in possession of these forms, and indeed they have already been used to effect service upon Defendants, no relief will be granted upon this ground.

**GROUND 2**

Plaintiff here objects to the Court's dismissal with prejudice of Counts 3, 4, and 5 and argues that each of them should have been dismissed without prejudice so that he could amend his complaint to state a claim under each. The Court considers the dismissal of each Count in turn.

*Count 3*

The Court properly dismissed Count 3 with prejudice because Plaintiff could present no set of facts that would entitle him to relief. In Count 3, Plaintiff attempted to bring a due process claim regarding his disciplinary hearing. To state a due process claim, a plaintiff must allege that he was denied a liberty interest without due process of law. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990). As a result of the disciplinary action, Plaintiff was placed in segregation for fourteen days. As stated in the order, an inmate has no liberty interest in remaining in the general population. Without a liberty interest, Plaintiff has failed to state a due process claim as a matter of law. Amendment would not cure this legal defect because under no set of facts can Plaintiff show loss of a liberty interest. The Court did not err in dismissing the claim with prejudice; amendment would be futile. *See Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687

(7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile").

### Count 4

In Count 4, Plaintiff attempted to state an independent claim under the Sixth Amendment that he was deprived of his right to call witnesses. As clearly stated in the order, the Sixth Amendment does not apply to prison disciplinary hearings. As such, Plaintiff has not stated a claim as a matter of law. Plaintiff argues that federal regulations grant him that right. The denial of that *statutory* right is encompassed in Count 1 of the complaint upon which Plaintiff was allowed to proceed. Plaintiff has no independent *constitutional* right to call or confront witnesses in a prison disciplinary hearing. The Count was properly dismissed; amendment would be futile. *Id.*

### Count 5

Plaintiff's argument regarding Count 5, however, warrants the Court's consideration. In part one of that Count, Plaintiff raised a claim of prosecutorial misconduct. The Court dismissed this claim because there was no underlying prosecution. That determination was correct; amendment would be futile. *Id.*

However, the Court construed the second claim in that Count as an attempt to state a claim of civil conspiracy. Plaintiff makes two valid arguments regarding this claim: first, that he should have been allowed to amend the complaint to allege facts that he initially withheld that would prove a civil conspiracy claim; and second, that he was attempting to state a retaliation claim. The Court did not find, initially, that Plaintiff was stating a retaliation claim because Plaintiff stated in the memorandum in support of the complaint that the claim "goes beyond 'simple' unlawful retaliation claims–and into recruitment of prisoners–and staff to 'set Custard up' on false charges of attempted escape, witness tampering, inter alia." Plaintiff clearly states that he is not bringing a retaliation

claim but something more. The Court construed that something more as a civil conspiracy claim. However, upon reconsideration, the Court finds that Plaintiff should have been given the opportunity to more clearly state the claim as one for either retaliation or civil conspiracy. This part of the Count should have dismissed without prejudice, so that Plaintiff might amend his complaint to allege additional facts of retaliation or civil conspiracy.

**IT IS HEREBY ORDERED** that the Court's order dismissing with prejudice the civil conspiracy and retaliation claims in Count 5 should be amended to dismiss the claim without prejudice.

### GROUND 3

Plaintiff objects to the following statement in the Court's order: "Plaintiff states that Defendant Cuthins, the Assistant United States Attorney, to whom Plaintiff wrote the threatening letter...." Plaintiff argues that the statement is prejudicial and "is a blatant signal to the magistrate" regarding Count 1 that Plaintiff did write a threatening letter to the Assistant United States Attorney. This is absurd. As stated clearly in the order, Plaintiff did not provide a factual narrative of the events underlying the claims in the complaint. As a result, the Court was required to determine the facts of the complaint on its own, based on the exhibits submitted by Plaintiff. Any additional facts necessary to the further prosecution of the case will be determined in the course of discovery.

Plaintiff's allegation that the Court is sending "signals" to the magistrate as to how to rule in the case is a baseless and delusional claim; the Court will not indulge it. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). No relief will be granted on this ground.

### GROUND 4

Here, Plaintiff specifically objects to the Court's finding that Plaintiff "wrote a letter" to Defendant Cuthins. Plaintiff states that he did not write a letter to Defendant Cuthins but that the

letter was directed to the criminal defendants in an unrelated case. Plaintiff states, "not once in said order is that material fact mentioned." The Court has thoroughly reviewed the complaint and found that Plaintiff nowhere mentioned to whom the letter was addressed, and based on the exhibits submitted by Plaintiff himself, the Court concluded that the letter was directed to Defendant Cuthins. The Court cannot read Plaintiff's mind. Where Plaintiff did not provide a factual narrative of his claims, the Court had to draw conclusions based on the documents before it. Any additional facts necessary to the further prosecution of the case will be determined in the course of discovery. No relief will be granted on this ground.

### GROUND 5

Plaintiff objects to the Court's dismissal with prejudice of his due process claim in Count 3 and to the Court's determination that Count 5 was a civil conspiracy claim.

#### *Due Process*

Plaintiff argues that the Court improperly dismissed with prejudice his claim that he was deprived of property without due process of law. The Court dismissed the claim because Plaintiff failed to state what property he was denied. Plaintiff states that the claim should have been dismissed without prejudice so that he might amend his complaint to specify what property he was denied. The merit or lack of merit of this argument is foreshadowed by the fact that regardless of what property he was denied, he fails to state a claim as a matter of law.

Plaintiff's right under the Fifth Amendment, to be free from deprivations of his property by government actors without due process of law, might be implicated by the minimal facts stated in the complaint. To state a claim under the Due Process Clause of the Fifth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*. However, if the government provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468

U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Court finds that Plaintiff has (or had) an adequate post-deprivation remedy in an action for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, and accordingly, he has no claim under the Fifth Amendment.

To the extent that Plaintiff is attempting to bring a claim here under the Federal Tort Claims Act (and there is no indication in the complaint that he is attempting to do so), he has failed to state a claim.  Federal prisoners bringing such claims for loss of property must first present the claim to the federal agency responsible for the injury.  *Id.*  Under the act,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, ***unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing*** and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).  Federal prisoners bringing claims under the FTCA generally show exhaustion by filing with their complaint a copy of the "final denial of claim" letter indicating that the inmate may seek relief in court.  Plaintiff here has made no showing of exhaustion and has not even alleged that he has presented the claims to the agencies involved.  As such, Plaintiff has also failed to state a claim under the FTCA; amendment of the complaint would be futile.

*Civil Conspiracy*

Plaintiff's argument regarding the civil conspiracy claim was thoroughly discussed in Ground 2, above, and in fact Plaintiff was granted relief based on this argument.  Accordingly, no additional relief will be granted here.

**GROUND 6**

Plaintiff objects to the Court accusing him of a crime. This is absurd. In the complaint, Plaintiff states, "I am going to deal with this problem one way, or another." In the order, the Court admonished Plaintiff for use of that language and informed him that further use of that type of threatening language would not be tolerated by the Court and would be met with action if it continued. Plaintiff has wildly misinterpreted the Court's admonishment as an accusation of a crime. No relief will be granted on this ground.

**GROUND 7**

Plaintiff objects to the Court's determination that he "willfully" refused to provide additional facts under Count 5 of the complaint. Plaintiff states that he was merely "trying to protect those involved from retaliation" from Defendants. Plaintiff requests that the Court amend its order to remove the word "willfully." The Court's alleged error is not the type contemplated by Rule 59(e). Accordingly, no relief will be granted on this ground.

**GROUND 8**

Plaintiff objects to the Court's dismissal of his due process claim under Count 4 of the complaint. Plaintiff argues that his right to confront witnesses was guaranteed by federal regulation and, therefore, the Count should not have been dismissed. Plaintiff's right to confront witnesses arising under the federal regulations is encompassed in Count 1 of the complaint, upon which Plaintiff was allowed to proceed. Any such claims based on prison rules and regulations will be heard in that context. Plaintiff has no independent constitutional right under the Sixth Amendment. The Court's ruling dismissing that Count was correct. No relief will be granted on this ground.

**GROUND 9**

Plaintiff objects to the length of time it took for him to receive the Court's order. The Court

has no control over the mail.  Plaintiff further argues that he is prejudiced because the Court will deny his Rule 59(e) motion as untimely.  As should be clear in the body of this order, the Court has done no such thing.  The Court took into consideration the time for mailing and has proceeded to review Plaintiff's motion pursuant to Federal Rule of Civil Procedure 59(e).  No relief will be granted on this ground.

### GROUND 10

Plaintiff again objects to the characterization of Count 5 of the complaint.  This argument has been addressed in Ground 2 above.  No further relief will be granted here.

### LEAVE TO AMEND THE COMPLAINT (DOC. 22)

Based on all of the foregoing, Plaintiff should be granted leave to amend his complaint as to the civil conspiracy claim in Count 5.  However, Plaintiff's specific request here to amend must be **DENIED** because Plaintiff failed to comply with the local rule.

> Amended pleadings and supplemental pleadings shall contain all allegations which a party intends to pursue.  All new material in the amended pleadings shall be underlined.  The original of the amended pleading shall be attached to the motion to amend the pleading so that it may be filed if the motion to amend is granted.

SDIL-LR 15.1; *see* FED. R. CIV. P. 15.  If Plaintiff wishes to amend his complaint, he must file a motion for leave to amend and include with that motion the amended complaint that contains ***all claims against all defendants***.  Plaintiff is granted 30 days leave to amend the complaint in accordance with this Memorandum and Order and the local rules.  Plaintiff is **ADVISED** that even though *pro se* complaints are liberally construed by the Court, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Federal Rule of Civil Procedure 8 requires that a plaintiff plead enough facts to put defendants on notice of the claims against them so that defendants can properly answer the complaint.  *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of

the claim suffices under Rule 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). The Clerk of Court is **DIRECTED** to forward to Plaintiff, with a copy of this order, copies of the Court's form complaint to assist Plaintiff in preparing his amended complaint.

### SUMMARY AND CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file an interlocutory appeal (Doc. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to reconsider (Doc. 22) is **GRANTED** as to the civil conspiracy/retaliation claim presented in Count 5 of the complaint only. **IT IS FURTHER ORDERED** that the Court's June 6, 2006, Memorandum and Order is amended to dismiss that portion of Count 5 of the complaint without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend the complaint (Doc. 22) is **DENIED** for failure to comply with the local rules.

**IT IS SO ORDERED.**

DATED: 08/28/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge